## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

**UNITED STATES OF AMERICA**                    **PLAINTIFF/RESPONDENT**

**V.**                          **CASE NO. 2:03-CR-20039-002**

**HONG THANH PHAN**                              **DEFENDANT/PETITIONER**

### OPINION AND ORDER

Before the Court are Hong Thanh Phan's *pro se* Petition for Writ of Error *Coram Nobis* under the All Writs Act, 28 U.S.C. § 1651(a) (Doc. 251), Ms. Phan's Brief in Support (Doc. 252), the Government's Response (Doc. 255), and Ms. Phan's Reply (Doc. 256). For the following reasons, Ms. Phan's Petition is **DENIED**. As Ms. Phan's Petition can be entirely resolved on the record, an evidentiary hearing is unnecessary. *See Koskela v. United States*, 235 F.3d 1148, 1149 (8th Cir. 2001) ("A Section 2255 movant is entitled to an evidentiary hearing . . . unless the motion, files, and record conclusively show that he is not entitled to relief.").

### I. BACKGROUND

In 2003, Ms. Phan was indicted for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and distributing more than 5 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) and 18 U.S.C. § 2. *See* Doc. 28. While Ms. Phan initially intended to plead guilty, she elected to proceed to trial during her Change of Plea hearing. *See* Docs. 73, 80. At trial, the jury found Ms. Phan guilty on both counts. *See* Doc. 102. The Court then sentenced Ms. Phan to 97 months in prison, 5 years of supervised release, and $2,700 in monetary penalties. *See* Doc. 126.

1

In 2006, Ms. Phan moved to vacate her conviction under 28 U.S.C. § 2255, claiming: (1) her counsel failed to object to the clerk's handwritten minutes; (2) the prosecution failed to disclose potentially exculpatory evidence; (3) a vital witness did not testify for her defense; and (4) that witness's lawyer threatened the witness with a lengthy prison sentence if they testified. *See* Doc. 185. The Court denied the motion. *See* Doc. 197. Ms. Phan attempted to appeal the decision, but the Eighth Circuit found no reason to issue a certificate of appealability. *See* Doc. 212.

Ms. Phan "did not discover the true immigration consequences of her conviction until she sought to adjust her immigration status" after her release from prison. (Doc. 251, p. 3). On March 18, 2026, Ms. Phan moved to vacate her conviction, claiming that her trial counsel provided ineffective assistance of counsel by "[a]ffirmatively misadvising Petitioner that she would not be deported and would be 'fine' after serving her sentence" and "[f]ailing to pursue or advise [her] regarding immigration-safe plea alternatives reasonably available in federal narcotics prosecutions." *Id.*

## II. LEGAL STANDARD

*Coram nobis* relief derives from an ancient common law remedy allowing individuals to "correct errors of fact" and overturn their convictions after exiting custody. While the "modern iteration of *coram nobis* is broader than its common-law predecessor," *United States v. Denedo*, 556 U.S. 904, 911 (2009), *coram nobis* remains an "extraordinary remedy" that should be granted "'only under circumstances compelling such action to achieve justice' and to correct errors 'of the most fundamental character.'" *United States v. Camacho-Bordes*, 94 F.3d 1168, 1173 (8th Cir. 1996) (quoting *United States v. Morgan*, 346 U.S. 502, 511–12 (1954)). "*Coram nobis* relief has been called the

2

criminal-law equivalent of the Hail Mary pass in American football." *Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018) (citing *United States v. George*, 676 F.3d 249, 251 (1st Cir. 2012)).

*Coram nobis* relief is subject to many of the statutory limitations for habeas relief through 28 U.S.C. § 2255. *See Baranski*, 880 F.3d at 955 ("[H]abeas, § 2255, and criminal *coram nobis* relief are substantively indistinguishable."). While rejecting the certification requirements of § 2255(h) and 28 U.S.C. §2244(b), the Eighth Circuit emphasized "it would make no sense to rule that a petitioner no longer in custody may obtain *coram nobis* relief with a less rigorous substantive showing than . . . successive habeas corpus and § 2255 relief" and concluded *coram nobis* petitions made after an initial habeas motion are "subject to the restrictions on second or successive § 2255 motions set forth in § 2255(h)(1) and (2)." *Id.* at 956. Importantly, "a § 2255 motion containing a newly arisen claim . . . is not second or successive." *Lozano v. United States*, 171 F.4th 1025, 1032 (8th Cir. 2026).

### III. DISCUSSION

Ms. Phan petitions for a writ of error *coram nobis* on the theory that she proceeded to trial because her counsel affirmatively misled her on the immigration consequences that might follow her conviction. Ms. Phan states that with proper immigration advice, she would have sought to plea guilty to a lesser offense. But Ms. Phan's claims fail regardless of their legal basis.

Ms. Phan's claim for ineffective assistance mirrors those in *Padilla v. Kentucky*, where the Supreme Court considered a defendant who was affirmatively misled on his plea's immigration consequences and held "counsel must inform her client whether his

3

plea carries a risk of deportation." 559 U.S. 356, 374 (2010). But "*Padilla* does not have retroactive effect." *Chaidez v. United States*, 586 U.S. 342, 344 (2013). While Ms. Phan's *Padilla*-based claims are not second or successive since *Padilla* was decided well after her first § 2255 motion, they fail because *Padilla* was decided after her conviction.

Yet Ms. Phan insists her petition is not based on *Padilla*, arguing her claims rest instead on broader pre-*Padilla* ineffective assistance of counsel doctrine. *See* Doc. 256, p. 2. If so, Ms. Phan's petition is subject to the restrictions on second or successive § 2255 motions because these claims could have been brought in her first motion. *See Lozano*, 171 F.4th 1025, 1031 ("[W]e have broadly held—as we do again here—that a petitioner's § 2255 motion presenting claims that had not yet arisen at the time of his first § 2255 motion [is] not second or successive." (internal quotation marks omitted)). Ms. Phan's petition must then contain "newly discovered evidence that, if proven and viewed in light of evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty," § 2255(h)(1), or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2). Ms. Phan does not allege any newly discovered evidence, only newly discovered immigration consequences. Ms. Phan does not point to a new rule of constitutional law, explicitly arguing her petition rests on pre-existing ineffective assistance of counsel case law. Because Ms. Phan has not met the substantial standard for § 2255 relief, her petition for *coram nobis* relief fails.

4

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Ms. Phan's Petition for Writ of Error *Coram Nobis* (Doc. 251) is **DENIED.**

**IT IS SO ORDERED** on this ____5th____ day of June, 2026.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE

5